In the Supreme Court of the State of Delaware

**Douglas Fields**
  **Appellant Defendant**

  **Vs.**

**State of Delaware**
  **Appellate Plaintiff**

**Appeal No. 53; 2004
Superior Court of the
State of Delaware in and
for New Castle County
Case #037008810**

$-07-748-$

On appeal from the Supreme Court of the State of Delaware in New Castle County.

Appellants Opening Brief

*Thomas Smith*
*Deputy Attorney General*
*Department Of Justice*
*Carvel State Building*
*820 North French Street*
*Wilmington, DE 19801*

*Douglas Fields*
*Delaware Correctional Center*
*1181 Paddock Road*
*Smyrna, DE 19977*



FILED

NOV 20 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

2006 DEC - 8 PM 2:49

FILED
PROTHONOTARY

## Table of Contents

Table of authorities……………………………………………………………… III

Nature and stage of the proceedings………………………………………………..IV

Summary of the issues and arguments……………………………………………...V

Statement of the facts………………………………………………….....VI - XVII

## Arguments

The state tried a case with no merit and no evidence that ties this case to the defendant period. There is testimony from the Wilm. Police department that clears the defendant also there is five state witnesses that don't agree and have totally different stories. Which four of the five leans towards the defendant's case. This is simply an unfair and prejudice trail, from removing the only African-American juror to prosecutor misconduct. This whole case is unjustified and unjust. The defendant simply wants a fair and no bias trial.

## Table of Authorities

**Court cases**

ONEY V. STATE, DE. SUPR. CT 446 A 2d 389...........................................

BUCKING V. STATE, DE SUPR. CT 482 A 2d 327 1984..................................

MORALES V. STATE, DE. SUPR. CT 696 A 2d 390 1997..............................

FARMER V. STATE, DE SUPR. CT 698 A 2 d 946 1997.................................

STATE V. HAMILTON, DE SUPR. CT. 318 A 2 d 624 1974.............................

BATSON V. KENTUCKY, 106 SUPR. CT. 1712 1986....................................

BARNETT V. STATE, DE SUPR. CT. 691 A 2 d 614 1997.............................

STATE V. ROBINSON, 629 A. 2 d 103, 266. NJ SUPR. 268...........................

634 A. 2d 523, 134 NJ 486
643 A. 2d 591, 136 NJ 476

## SUMMARY OF ISSUES AND ARGUMENTS

ISSUE ONE: HABITUAL OFFENDER

ISSUE TWO: P.F.D.C.F.

ISSUE THREE: BURGLARY IN THE SECOND DEGREE

ISSUE FOUR: PRIMA FACIE

ISSUE FIVE: PERSON PROHIBITED

ISSUE SIX: PROSECUTION MISCONDUCT

ISSUE SEVEN: ATTEMPTED MURDER IN THE FIRST DEGREE

## Nature and Stage of the Proceedings

Defendant is an inmate at the Delaware Correctional Center. On January 13, 2004, the defendant was found guilty on Assault in the first degree, Burglary in the second, possession of a deadly weapon during the commission of a felony, Person Prohibited and resisting arrest. On January 30, 2004 the defendant was sentenced to 60 years of incarceration, 25 of that time is mandatory. Prior to this the defendant asked that the public defender James Bayard to file for suppression hearing on the weapon charge so it could be heard before Judge Del Pesco before trial. James Bayard said it was denied before defendant's trial on January 13, 2004.

Statement of Facts

ISSUE ONE:  HABITUAL OFFENDER

ARGUMENT ONE: Defendant never had a habitual offender act hearing; which defendant is entitled to by law.

ARGUMENT TWO:  Defendant never previously signed habitual offender or was it ever mentioned on any plea or paperwork previously.

ARGUMENT THREE: Defendant never was declared a habitual offender till after trial and sentencing date which should have been made clear before trial or sentencing date.

Criminal Law: Prior guilty plea, where a guilty plea forms the basis for an underlying conviction many courts require the prosecution to provide not only the underlying indictment information, but also the text of the guilty plea, in order to determine whether the defendant was charged with and admitted to conduct would establish the felony conviction.

Legislative intent of this section is to provide two separate and unrelated avenues for habitual offenders criminal status, one applicable to a fourth felony offender and the other to a third offender convicted of felonies specified under subsection (b).

Separate, successive convictions require under subsection (r) – Two sets of multiple convictions can not be treated as three separate convictions under subsection (a) of this section; Three separate convictions are required, each successive to the other, with some chance for rehabilitation after each sentencing, before the extreme penalty of life imprisonment may be brought to bear.

Statement of Facts

ISSUE TWO: Possession of a firearm during the commission of a felony

ARGUMENT ONE: Firearm was never found in the defendant's possession; William Brown said on page 33 that he never saw defendant with a weapon. Also on page 35 William stated he did not see a gun.

ARGUMENT TWO: Corporal Cassidy stated on page 117 that he never saw the defendant with any weapon, also he never saw the defendant with anything at all.

ARGUMENT THREE: Officer Carnevale stated on page 129 that he never witnessed the defendant with any gun. Also through the chase he states that he never saw a gun or seen defendant throw one.

ARGUMENT FOUR: E.D.U. Keith Weidlich on cross examination stated the facts that there was no connections from evidence to defendant as far as there wasn't any trace of defendants fingerprints on weapon found. Also the bullets that were found didn't match the gun in question.

Also in connection with above, there was no mention of gunpowder on defendant or on defendant's clothing. This would certainly play a huge part in this case.

Criminal Law 338 (7) 344; When unwarranted inference reflect adversely on defendant by portraying him as having a gun available to him, without establishing that gun was probably used in shooting. Admissibility is barred because speculations create prejudice, even when apart from weighing process required by evidentiary rule. Rules of evidence, Rule 403

Criminal Law 1169.1 (10); Errorious admission of irrelevant evidence of gun not linked to shooting changed against defendant required reversal and new trail in prosecution for attempted murder in first degree, and the speculative evidence concerning the gun could have been factor in jury's deliberations.

Criminal Law 1153 (1); Admitting or excluding evidence on relevancy grounds is reviewed under abuse of description standard, rules of evidence, Rule 401, 402.

Statement of Facts

ISSUE THREE: Burglary in the second degree

ARGUMENT ONE: Defendant had permission on entering residence by another woman named Angela who lived there at 22 East 23rd Street. Also defendant never had any intentions of committing any crime with-in the residence, witness was never called to testify to clear this matter up. There is certainly no merit in this matter on the charge period.

Criminal Law: When element of assault is pertinent "although an assault" is an element of burglary in the second degree, that element is merely pertinent to establishing the degree of burglary.

Under this section, burglary is an offense against habitation on occupancy.

Effects of amendments −73 Del.Laws, C. 126, effective July 9, 2001 substituted "Class A Felony", excepts where the person who suffers physical injury is a person 62 years of age or older in which case any violation if this section shall be a class c felony or class d felony at the end.

**X**

Statement of Facts

ISSUE FOUR: Prima Facie

There was indication of prejudice through out the defendant's trial. First the state got the only other African-American removed from the jury by saying the juror lied about a traffic ticket. Also after he was removed there were no more African-Americans on jury and each time defendant removed a juror he or she was replaced by another elderly Caucasian-American. The defendant was the African-American in the courtroom. There was not a single juror who considered him or herself a peer to the defendant. Nine of the twelve jurors were at least twenty years older than defendant the others were at least ten years younger. Clearly, defendant was against all odds and never had a chance to begin with. Why weren't any of the jurors in defendants trial black, why weren't any of the jurors in defendants age bracket, why weren't any of the jurors from the inner city background or area where crime rates are high and on a consistent basis? Yet, why weren't any of the jurors a minority who could simply relate.

1. Constitutional Law: Key 221 (1) Jury Key 33 (5.1)

A state denies a black defendant equal protection when it puts him on trial before

a jury from which member of his race have been purposely excluded. U.S.C.A.

Constitutional Amendment 14: Prima facie

Statement of Facts

## ISSUE FIVE: PERSON PROHIBITIED

Defendant was never seen with any weapon in his possession, weapon was found after defendant was taken into police custody.

Evidence was insufficient to prove possession by person prohibited where the evidence showed that a firearm was discovered but not linked to crime. Possession is nine tenths of the law.

Statement of Facts

ISSUE SIX: Prosecution Misconduct

ARGUMENT ONE: State clearly leads witness Brown in testimony Review page 34. Also he leads law officials in testimony about the path that was or wasn't taken by defendant, review direct on all law officers testimony.

ARGUMENT TWO: State Prosecutor also is using misconduct when he clearly says on repeated occasions that all state witnesses agree with him on all terms, but when in fact none of them totally agreed and most didn't agree at all. Review Neshe Jones testimony, Vanessa Newman testimony, review the E.D.U. Evidence Detection Unit testimony.

ARGUMENT THREE: Also he used misconduct by allowing false evidence to be used at defendant trial when state was aware that weapon was tested and the conclusion was that there was in no way a match to weapon in question, that the state produced at defendant trial which also show's prejudice.

ARGUMENT FOUR: And prosecutor was very improper with evidence while defendant was on recess from court, when defendants family walked in on state prosecutor and defendant counsel playing with the weapon in question. Very non-professional.

Statement of Facts

ISSUE SEVEN: Attempted Murder in the First Degree

This is a charge without merit or grounds period, there is no way possible that defendant could be held responsible for a crime that evidence clearly removes defendant from. While reviewing victim's medical records it states that wounds were not life threatening that they were superficial wounds. Meaning victim was hit in a part of the body where his life was not in any danger, victim received two wounds to his leg and on above his buttocks. Attempting a crime is not completing one, murder is murder. Robbery is robbery. The charge was placed before defendant knowing he would not be found guilty of attempted murder in the first. But a lesser included offense, but defendant believed that once you go to trial for a charge its either your found guilty or not guilty. It wasn't until trial day that defendant found out about lesser-included offense, which justice is not served to the fullest.

## Conclusion

On July 13, 2003, a crime was committed and later a trial was set and tried. Was justice served? Did the defendant have a fair and just trial? No! We have a case here with no merits period, all charges hold no weight and no merits simply cause no evidence ties to defendant. Nobody honestly knows what occurred on July 13th. But evidence is very clear and up front, which should prove defendants innocence. Three of Wilm. Police Dept. Officers testified and two of three said under oath. That they never saw defendant with any weapon during there appearance, before or during the chase. And that they never saw defendant throw away any weapon at any other time. The weapon in question, when recovered did not have defendant's fingerprints on it anywhere and the bullets found did not match weapon in question. Furthermore there was no mention of gunpowder residue on defendant hands, body, or clothes. And other areas of this case don't add up far as witnesses are concerned all testimony is different, but all say they never saw defendant pull out any weapon. Even the victim said cross that he never saw the defendant pull gun. Then the burglary charge really does not have any merits at all its all unjustified charge that shows prejudice. There is too much evidence here that shows doubt all the defendant wants is a fair trial with effective counsel. Also to see justice served to the fullest.

The defendant respectfully asks that the lower court decision be reversed and remanded.

## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:      David  Favata
         Department of Justice

FROM:    Angela M. Hairston, Criminal Deputy

DATE:    February 1, 2007

RE:      State of Delaware vs Douglas Fields
         Case I.D.# 0307008810
         Cr.A.   PN03-08-0207R1, 0208R1, 0210R1, 0211R1
               IN03-08-1811R1

The enclosed motion for postconviction relief was filed by the defendant in the above

captioned case on December 8, 2006. The State is not required to file a response

unless ordered, pursuant to Super.Ct.Crim.R 61(c)(4) and 61 (f)(1).

Thank you very much.

cc:    file

#50

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle COUNTY

STATE OF DELAWARE )
v. )
)
Douglas Fields )
Name of Movant on Indictment )
)
)
_____ )
Correct Full Name of Movant )

No. 0307008810
(to be supplied by Prothonotary)
PN 03-08-0207-R1
In 03-08-0208-R1
In03-08-0210-R1
In03-08-0211-R1
In03-08-0811-R1

## MOTION FOR POSTCONVICTION RELIEF

2006 DEC -8 PM 2:49
FILED
PROTHONOTARY

## MOTION

1.  County in which you were convicted _New Castle County_

2.  Judge who imposed sentence _Susan Delpesco_

3.  Date sentence was imposed _1-30-04_

4.  Offense(s) for which you were sentenced and length of sentence (s):
    _Assault 1 - P.F.D.C.F - Burglary 2nd - Resisting Arrest - Possession_
    _By Person Prohibited (60) Sixty yrs._

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes ( )    No ( ✗ )
    If your answer is "yes," give the following information:
    Name and location of court(s) which imposed the other sentence(s):

    _____

    _____

    Date sentence(s) imposed: _____

    Length of sentence(s) _____

6.  What was the basis for the judgment(s) of conviction?  (Check one)
    Plea of guilty (    )
    Plea of guilty without admission of guilt ("Robinson plea")  (    )
    Plea of nolo contendere  (    )
    Verdict of jury  ( ✗ )
    Finding of judge (non-jury trial)  (    )

7.  Judge who accepted plea or presided at trial _____

8.  Did you take the witness stand and testify?  (Check one)
    No trial (    )    Yes (    )    No ( ✗ )

9.  Did you appeal from the judgment of conviction? Yes ( ✗ )    No (    )
    If your answer is "yes," give the following information:

    Case number of appeal _53, 2004_

    Date of court's final order or opinion _12-16-05_

1

Ground one: Habitual offender

Supporting facts (state the facts briefly without citing cases):

See Memorandum

Ground two: Assault 1. Lesser included on Attempted Murder

Supporting facts (state the facts briefly without citing cases):

See Memorandum

Ground three: Possession of Fire Arm during Commission of felony

Supporting facts (state the facts briefly without citing cases):

See Memorandum

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: ineffective Assistance of Counsil

Because one could not Raise issue on direct Appeal - Also other Public defendant didn't want to cause Any problems for co-worker/

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_Dauglos Tille_
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury,

9-11-06
Date Signed

_Daulos Tille_
Signature of Movant
(Notarization not required)

forms/mtnpcr.wp
Revised 9/2002

Ground **Five** : Burglary 2nd degree

Supporting facts (state the facts briefly without citing cases):

See Memorandum

Ground**s** **I** **x** / Prima facie

Supporting facts (state the facts briefly without citing cases):

See Memorandum

Ground **7** Prosecution Misconduct

Supporting facts (state the facts briefly without citing cases):

See Memorandum

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: _____

_____

_____

_____

_____

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_Douglas Fields_

Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

9-11-06

Date Signed

_Douglas Fields_

Signature of Movant

(Notarization not required)

4

Superior Court of State of Delaware in
New Castle County for the Mouant

**Douglas Fields**
      **Pro Se Movant**

      **Vs.**

**State of Delaware**

**Appeal No. 53; 2004
Superior Court of the
State of Delaware in and
for New Castle County
Case #037008810**

Memorandum of Law For Post-Conviction Relief

Appellants Reply Brief

Date _____

Date 11·21·06

Pro Se
_____

*Douglas W. Fields*      Douglas Fields
signature of movant

Douglas Fields
209577 D-W Building
D.C.C
1181 Paddock Road
Smyrna, DE 19977

FILED
PROTHONOTARY
2006 DEC -8 PM 2:49

## Table of Contents

Table of Citations…………………………………………………………… 4

Statutes……………………………………………………………………5

Nature and Stage of Proceeding…………………………………….…...6 - 16

Conclusion……………………………………………………………………17 - 18

Arguments

     See Memorandum of law in support of Rule 61 Motion for Post-Conviction Relief

## Table of Citations

BAKER V. BARBOO 177 F. 3d 149, 154 3d CIR 1999...................................

BANTHER V. STATE 823 A.2d 467...............................................................

BATSON V. KENTUCKY, 106 SUPR. CT. 1712 1986....................................

BORNS V. GAMMON 260 F. 3d 892, 897 8TH CIR 2001................................

CUYLER V. SULLIVAN 446 J.S. 335, 344 45 1980.......................................

DIAZ V. STATE 743 A.2.d. 1166.................................................................

DIXON V. SNYDER 266 F. 3d. 693, 704 7TH CIR 2001.................................

FARMER V. STATE, DE 482 B.2d 327........................................................

HALL V.STATE 788 A 2d 118, 177 DE. 2001................................................

JERMYN V. HORN, 266 F. 3d 257, 309 3d CIR 2001.....................................

LINSTADT V. KEANE, 239 F.3d. 191, 199 2d CIR 2001.................................

MORALE V. STATE 696 A. 2d. 390, 395 DE 1997.........................................

STATE V. CARRASCO 791 A. 2d 511, 259 CONN 581....................................

STATE V. JOHN FOLKS, CASE ID 0306015047A – CR.A-IN03-07-0023RI, 0024RI...........................................................................................

STATE V. GIBBS, 758 A.2.d 327, 254 CONN 578..........................................

STATE V. PEELER, 841 A.2d 327, 267 CONN 611.........................................

STRICKLAND V. WASHINGTON 687...........................................................

THOMAS V. STATE 755 A.2d 406, 139 MD 188.............................................

VAN ARSDALL V. STATE 524 A.2d 3, 11 DE 1987.........................................

Statutes * Codes* Law Keys

See 11 Del. Code 4214……………………………………………………………………

See ID. 4214 A…………………………………………………………………………………

See Criminal Law 338 (7) 344; Rules of Evidence 403………………………………

See Criminal Law 1169.1 (10)……………………………………………………………….

See Criminal Law 1153 (1); Rules of Evidence 401, 402……………………………..

See Del. Supr. 2003 U.S.C.A. Const. Amend. 6; Del C. Ann. Const. Act 1 #7……..

See Constitutional Law Key 221……………………………………………………………

Jury Key 33 5.1………………………………………………………………………………

See U.S.C.A Amend. 14 Prima Facie………………………………………………………...

## Nature and stage of the proceedings

On the Thirteenth Day of July there was an altercation between one Mr. Brown and one Mrs. Jones. They appeared to be arguing over a bicycle, which continued until attitudes and tempers further flared and a bottle was thrown. During the duration of the argument Mrs. Newman became apart of the altercation and Mr. Brown left the area. He later returned to the same argument and continued. During this argument Mr. Brown was shot, no one was able to determine where the shot came from not even Mr. Brown.

In the testimony of the states witnesses, Vanessa Newman, Neshe Jones, and Claude Williams they all stated. The location of where the gunshots came from and who the shooter was, was unknown. Yet and still the case was tried and the defendant was found guilty. If all evidence is examined deeply there is nothing supporting the prosecutions argument.

The defendant never was seen with a weapon, never held a weapon and did not shoot Mr. William Brown. The altercation that resulted Mr. Brown's injury did not concern or involve the defendant. The defendant never had a problem with Mr. Brown, never was arguing with Mr. Brown, and was not involved with the argument with Mr. Brown. Never threw bottles at Mr. Brown and most importantly did not shoot Mr. Brown. Instead of looking for reasons and trumped up charges to convict and imprison the defendant. Prosecution needs to focus on the individuals involved in the argument that ended in Mr. Brown's injury.

## Ground One in Support of Post Conviction Relief

Habitual Offender – The evidence presented to the trial judge did not prove beyond a reasonable doubt, that defendant had committed the predicate offenses mandated by the habitual offender statute. The state carries the burden of proof to establish that, each predicate offense meets the requirements of section 4214.. beyond a reasonable doubt. To sustain this evidentiary burden, the state must present unambiguous documentary evidence of a predicate conviction and ambiguity in identity exist, state produced no indictments of charges, no previous signing of the habitual offender act, no hearing on the habitual offender charge nor was it mentioned on any previous plea or argument. The only evidence was computers print out which will be attached.

*Van Arsdall V. State 524 A.2d 3,11 DE 1997*

*Hall V. State 788. A.2d 118, 127 DE 2001*

*Morales V. State 696 A.2d 390, 395 DE 1997*

*State V. John Folks case Id 0306015047A Cr. A. IN 03-07-0023 RI, 0024 RI*

*See 11 De.C H214 – defining habitual criminal status*

*See Id.4214*

## Ground Two in Support of Post Conviction Relief

Defendant was charged with attempted murder one, which he was acquitted on, the trial court had committed prejudicial error in instructing on attempted murder one. When the evidence did not support such a charge. There was no life threatening wounds – meaning victims life was never in danger from wounds sustained, but defendant was found guilty of lesser included offense one, "Lesser included offense of attempted murder." Is assault only if the evidence shows that assault occurred in the case. Cause attempted murder can be committed with or without assault. Making a lesser offense included in a greater offense when it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. The evidence was not sufficient to sustain the verdict rendered, and that there was no intent to kill. Therefore the trial court improperly submitted the issue of attempted murder one. Even though defendant was acquitted of attempted murder one. There was considerable doubt generated during the questioning as to whether these witnesses actually saw the gun in the defendants possessions when the shot was fired additionally on cross-examination of the witnesses who testified for the state they say. "It wasn't him, he wasn't out there" and just flat out no.

## Ground Three in Support of Post Conviction Relief

P.F.D.C.F it was error for the trial judge to permit the state to offer into evidence a gun that concededly it could not link to the shooting relevancy is determined by examining purpose for which evidence is offered. The purpose must in turn, accommodate concepts of materiality, evidence must be of consequence to action probative value evidence must advance likelihood of fact asserted. Wilmington Police Officer Robert Cassidy Stated under oath that upon arriving to the scene that he did not witness defendant with any fun or weapon in his possession, also Wilmington Police Officer Michael Joseph Carnvale testified that he never saw defendant with any weapon that day of the incident. Partners of Wilmington Police Officer Cassidy and Carnvale the arresting officers stated that they never saw defendant with any weapon of any kind and that they never located any weapon at the scene. They say other officers later found it.

Wilmington Police Officer Keith Weidlich of Evidence Detection Unit (E.D.U) testified under oath that ballistic evidence on bullets found at the scene of the crime did not match to weapon in question. Defendant's fingerprints were not on weapon in question. There was no test preformed to see if weapon was recently fired or if gunpowder residue was found on defendant's hands, clothes, hair or body. However, there was gunpowder residue found on victim's clothes.

*Farmer V. State De. Supr. 482 A 2d 327*

*See Criminal Law 338 (7) 344; Rules of Evidence, Rule 403*

*See Criminal Law 1169.1 (10)*

*See Criminal Law 1153 (1); Rules of Evidence, Rule 401, 402*

9

Ground Four in Support of Post Conviction Relief

Upon his second meeting with Mr. James Byard, esquire the defendant made it perfectly clear that he did not want his services as his counsel. The defendant had received lack luster defense from him in a prior case and with the sensitivity and specifics of this case his matter of fact attitude would not be beneficial to the defendant. Shanita Molesi, the defendant's ex-wife contacted state appointed counsel on several different occasions to confirm the request for new counsel, to no avail and Mr. Byard failed to return any calls. His neglect in the defendants desire in seeking other counsel could be considered misconduct and unprofessional behavior. Could counsels blasé attitude be because he was due to retire shortly after defendant's trial. So he had no intent on ensuring the defendants justice and arguing his innocence. Counsel even went as far as telling the defendant in response to his many request for another attorney "I'm all you got and there will be no continuance, while you wait to see the judge or any judge for that matter."

Due to the process of defendants who cannot make bail on their court appearances they are to wait in the basement of the building until they are brought in to see counsel only. On case reviews no one sees the judge, yet all reviews are discussed and everything is set, even the trial date. At this point the defendant began to ask questions he is entitled to answers to. Such as did he have a defense, did he investigate any of the findings, and did he build off the information the defendant gave him.

10

Had he contacted the witnesses for the defendant. Absolutely not, counsel decided it would be more convenient to allow prosecution to do all the work and just not object to anything. The defendant consistently informed Mr. Byard that he had nothing to do with the shooting. The defendant guaranteed that all testing would come back clean. He told counsel that none of the evidence would match up because he did not own or posses any gun and did not shoot Mr. Brown. Counsel failed to issue defendant any copies of paperwork received from prosecution to keep him abreast of the case findings. No police reports, no forensic findings or medical reports. (Rule 16)

During the trial Mr. Byard never made timely objections. He never argued any conflicting facts in the defendants favor. He never argued against items being entered as evidence. He never arranged for a suppression hearing. He never argued about his client's habitual offender status. He never saw to it that his client had a hearing for the habitual offender status. No! Why, because he did not have the defendant's best interest at hand. The defendant never had a fair opportunity for justice when he was assigned a burned out, state attorney whose primary focus was his own upcoming retirement plans. If you review counsels previous cases toward the end of his career why did they receive the heartiest sentences backed by the same habitual offender charge attached. Why?, because he did not care. Why, because he got paid regardless. This case shows his unconcern and ineffectiveness for his assigned client. He just did not care.

## Ground Five in Support of Post Conviction Relief

Charging the defendant with second-degree burglary alleges that he broke in and entered a house with intent to commit "a crime". The charge is invalid and should be dropped due to failure to provide specific crime intended to be committed. By definition, a person guilty of burglary in the second degree when the person knowingly enters or remains unlawfully in a dwelling with intent to commit a crime. The person or co-participant is guilty of burglary in the second degree when armed with explosives, a deadly weapon, causes harm or physical injury to any person not involved in the crime 62 years or older. The defendant had no intentions on doing or committing anything defined, as well as no intention to remove or steal anything from the premises. Actually the defendant had received permission from Angela Newman to enter the residence.

**Ground Six in Support of Post Conviction Relief**


Prima Facie defendant will prove prejudice beyond a doubt. Voir Dire, will show facts that during selection of the jury prosecution dismissed the only African-American first. Prosecution stated the reason for dismissal was juror had a driving ticket that prohibited him from being on the jury. After the only African-American was dismissed there were no other African-American's interviewed or brought into the courtroom on January 13, 2004. This is evidence on the violation of the defendant's sixth amendment. It is required in terms with the sixth amendment that the jury be composed of a fair cross section of the community, showing that exclusion of members of distinctive racial groups is inherent in jury selection process (10 Del C. et. Seq section – see Del supr 2003 U.S.C.A. cont. admend. 6; Del. C. Ann Const. Act 1-7)

BANTHER V. STATE 823 A.2d 467

BATSON V. KENTUCKY, 106 SUPR. CT. 1712 1986

DIAZ V. STATE 743 A.2.d. 1166

THOMAS V. STATE 755 A.2d 406, 139 MD 188

STATE V. GIBBS, 758 A.2.d 327, 254 CONN 578

STATE V. PEELER, 841 A.2d 327, 267 CONN 611

STATE V. CARRASCO 791 A. 2d 511, 259 CONN 581

The defendant's jury consisted of all Caucasian members. The majority were elderly none fit to be considered the defendants peers, while the minority were two teenage girls who recently graduated from high school. Who also have nothing in common with the defendant. See constitutional law key 221, Jury key 33 5.1. A state denies a black defendant equal protection where it puts the defendant on trial before a jury of from which members of his own race have been purposely excluded.

Ground Seven  in Support of Post Conviction Relief

Prosecutor David Favata showed prejudice and misconduct during the trial, first by dismissing the only African-American male from the jury based on a "traffic ticket issue". Further misconduct was displayed when prosecution allowed a weapon that he knew before hand could not he linked to the defendant nor the crime but was still entered in the case as evidence. Prosecutor Favata used his position and authority to manipulate the facts and mislead the jury to believe the weapon in question was the one used in Mr. Brown's shooting, when in actuality testimony and facts showed otherwise. Mr. Favata worked very closely with a Mr. Christian Flaherty who also sat in at defendant's trial and also knew before trial that their evidence was circumstantial and would not hold weight. Therefore leading prosecution at the indictment hearing to claim they had this mysterious audio tape evidence with a unknown, unlisted witnesses testimony stating they saw everything and were ready to testify on the states behalf. The tape was never heard by the defense or at trial court, nor by anyone anywhere else. So does this audio evidence exist? Does this testimony exist? Does this witness exist?

The defendant was not found guilty because of overwhelming evidence, exact witness testimony and lost fighting chance of defense. The defendant was found guilty because prosecution did every thing to ensure the defendant appear guilty, even if it meant using false information and evidence.

Mr. Favata abused his position and power to make the defendant another incarcerated black man notch in his legal belt. He violated the code of ethics and under-minded the jury and the law in doing so. When in fact he had nothing, no sufficient evidence, no surprise witnesses and no audiotape. Prosecution had nothing, but a nice suit, creative words and a entranced Caucasian jury hanging on his every lie on his side. The only thing the defendant had was retiring defense attorney that did not care and did not object to anything questionable. The defendant had no voice, therefore no justice.

## Conclusion

After reviewing defendants arguments and factual claims there is no possible way that defendant should be held in state custody on charges that has no merit, or links to this crime. Neshe Jones, Vasnessa Newman, Wilmington Police Officers Cassidy and Carnavale all testified under oath before a jury that they never saw defendant with any weapon. Also the state claims to have an audio taped testimony from a witness that claims to have seen everything, that tape or tapes were never reviewed by defense or heard by defendant. The mysterious tape was never presented as evidence or heard at the trial to support the prosecutions claim to have this verifying eyewitness. The defendant proves beyond reasonable doubt that prejudice was an issue with the jury when prosecution dismissed the only black juror from the jury box first, due to a driving citation. Then no more black jurors were brought in to sit on jury.

Under 1442 (a) a defendant should have had some chance of rehabilitation or treatment, outside of level five-incarceration sentencing. This should be extended if not only out side of the jail, it should also be an option inside as well. The defendant has two previous charges, which resulted in level five incarceration sentences. On both occasions he did not or was not made to attend any treatment or rehabilitation programs, therefore under 1442 (a) when the defendant does not fit the profile, why must he be made to bare this life sentence. Under what statute does maintaining a dwelling classify as a violent felony or any type of felony, it is not even on the list of crimes or violent crimes. Therefore, why must one be made

to bear the level five sentence for life on a crime he did not even commit. The defendant is actually and factually innocent .

Douglas W Fields

Douglas W Fields

State of Delaware vs. **DOUGLAS W. FIELDS**                    Case: **03 07 008810**

## Exhibit B

SBI Number: **00209577**                    Also Known As: **JOHN WATSON**
Date of Birth/Age: **Apr 23, 1973 (30)**   Sex: **Male**                         Race: **Black**
Eye Color: **Hazel**        Hair Color: **Black**        Height: **5'5"**   Weight: **190 lbs**
Driver's License:**DE - 1008654**                Social Security Number:**222522082**
Address:**453 ASPEN DR**
      **DOVER, DE 19901**

Phone:
Employer:**OLIVE GARDEN**
      **CONOCRD PIKE**
      **WILMINGTON, DE**
      **(302) 477-0870**

Date and Times of Offense: **7/13/2003 at 1046**
Location of Offense: **Wilmington,**

Your affiant CHRISTIAN M FLAHERTY can truly state that: Your affaint is a sworn member of the Wilmington Department of Police, since February 1998. Affiant is currently assigned to the Criminal Investigation Division.
On Sunday 13 July 2003, this affiant was assigned to investigate a shooting complaint which occurred in the unit block of East 23rd Street at 1045 hours.
This location is within the jurisdictional boundaries of the City of Wilmington, County of New Castle, State of Delaware.
On Sunday 13 July 2003, patrol units were turning east bound into the unit block of East 23rd Street from Market and observed the victim falling off a bicycle on the north side of the street. As the patrol units approached the victim, the victim advised the patrol officers he ahd been shot and pointed at the suspect (Later identified as Douglas Fields DOB 04/23/1973) who was walking towards 3 East 23rd Street. The victim state the had been shot by this suspect.
The patrol units attempted to stop the suspect, who fled into the front door of 3 East 23rd Street. Lawful verbal commands were given by both officers Carnevale and Casisdy for the suspect to stop. The suspect continued running.
The suspect fled through 3 East 23rd Street, out the back door, east bound through the yards, then south bound through an alley back into the unit block of East 23rd Street.
With the officers still in pursuit, the suspect fled across 23rd Street south bound, onto the porch of 22 East 23rd Street, and into the front door of 22 East 23rd Street, which was open.
The suspect fled from the front door, through the first floor to the kitchen of 22 east 23rd Street.
The suspect was taken into custody in the kitchen of 22 East 23rd Street.
Victim transported to Christiana Hospital.
Scene was secured until this investigator and evidence units arrived.

----
Affiant

Sworn and subscribed before me this 13th day of July AD, 2003

----

State of Delaware vs. **DOUGLAS W. FIELDS**          Case: 03 07 008810

On an area canvass, a .38 caliber revolver with three spent shell casings contained in the cylinder was discovered in the same alley the suspect had fled south bound through.

The hangun was turned over to evidence officers at the scene.

Witnesses were located at the scene and interviewed at detective division.

Witness 1 stated she was talking to the victim when the suspect approached the victim from behind and shot the victim three times. Witness 1 named the suspect as 'Doug'.

Witness 1 was shown a photolgraphic line-up of six individuals, including the suspect Douglas Fields. Witness 1 pointed out Douglas Fields as the having the closest resemblence to the shooter, and stated he had braided hair at the time of the shooting.

Witness 2 stated he was approaching witness 1 and the victim when the suspect approached and shot the victim three times.

Witness 2 was shown the same photographic line-up and positively identified the shooter as Douglas Fields.

Witness 3 stated she observed witness 1 and the victim talking, then heard gunshots, but could not observe the gun or the actual shooting due to shrubbery obscuring her view. Witness 3 stated the suspect fled past her into her residence and out her back door.

Witness 3 was shown the same photographic line-up and positively identified the fleeing suspect as Douglas Fields.

Victim 2 was interviewed at Detective Division.

Victim 2 stated she was standing on her front porch after she heard of the shooting. While on her porch, victim 2 observed the suspect fleeing south bound through an alley with officers in foot pursuit. Victim 2 stated the suspect ran directly to her residence, past her, and into her residence. Victim 2 stated officers took the suspect into custody in her kitchen.

Victim 2 stated the suspect is named 'Doug' and has no standing within her residence. Victim 2 stated the suspect has never been inside her residence until this incident.

Suspect was identified as Douglas Fields, DOB 04/23/1973. Douglas Fields refused interview with this affiant and made no statements.

At the time of arrest and interview, suspect Douglas Fields was wearing onlt a white t-shirt and boxer short, with no shoes.

Recovered in the rear yards between 3 and 7 East 23rd Street was one pair of blue jeans, containing a cellular phone, keys and united states currency. Investigation is continuing in regards to these items.

At the time of this warrant, the victim is in critical condition. The victim has two gunshot wounds to the left leg. The victim has one gunshot wound to the lower right back. The path of the bullet traveled across the victim's chest cavity, resting in the victim's left lung. Exploratory surgery is now being conducted to determine of the aorta or spine were damaged in the trajectory of this injury. Victim was under sedation and unable to be interviewed.

It should be noted the Douglas Fields pled guilty to Maintaining a Dwelling for Keeping of Controlled Substances 16/4755 class E felony, on 10/23/2000 in the New Castle County Superior Court, State of Delaware, case # 0003001255. This felony prohibits Douglas Fields from possession of a firearm.

Affiant: CHRISTIAN M FLAHERTY (17115) of Wilmington PD

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| WILLIAM BROWN | 09/04/1955 | Acquaintance |
| SOCIETY/PUBLIC | | Stranger |
| VANESSA NEWMAN | 12/04/1962 | Victimless Crime |

_____
Affiant

Sworn and subscribed before me this 13th day of July AD, 2003

_____
Judge/Master/Commissioner/Court Official

_Look at dates Arrested_

State of Delaware vs. **DOUGLAS W. FIELDS**                  Case: **03 07 008810**

## Approval and Arrest Information

Approved by: **100899 : RUTKOWSKI ROSALIE O.**

Approved on: **07/13/2003** at **03:25 PM**

Approval Entered by: **CJPSGOL : SHERRI L GOLDSMITH**

Active Arrest Number: **03002408**

Date of Arrest: **07/13/2003** at **10:46**

Arresting Agency: **Wilmington PD**

Arresting Officer: **PTLM70 ROBERT CASSIDY (47043)**

*corrected copy
for Defense Counsel*

## PRESENTENCE WORKSHEET

DEFENDANT___ DOUGLAS W. FIELDS _____ ID#(S)___ 0307008810 _____

_____ DOUGLAS W. WATSON _____     ___ ___ ___ ___

SBI#(S)___ 00209577
RELEVANT PRIOR HISTORY (AGGRAVATES PRESUMPTIVE SENTENCE FOR LEAD OFFENSE)

OFFENSE  MAINTAINING A DWELLING ____ DATE___ 03-02-00
OFFENSE___ ROBBERY 2ND DEGREE _____ DATE___ 08-24-94 __ __
OFFENSE___ ROBBERY 2ND DEGREE _____ DATE___ 11-03-92 __ __

PRESUMPTIVE SENTENCE(S): MIN=MINIMUM SENTENCE, M/M=MANDATORY SENTENCE

| Crim. Action # ($\sqrt{}$)=TIS | Offense | Presumptive Sentence | Initial Level |
|---|---|---|---|
| | Lead offense $E^*$= 1 OR MORE PRIOR VIOLENT FELONIES | | |
| (X) IN 03-08-1811 | P.D.W.B.P.P.* Companion charges | 3 YR.(M/M)-25 YRS*. | 5 |
| (X) IN 03-08-0208 | P.F.D.C.F. | 2 YR.(M/M) - 25 YR. | 5 |
| (X) IN 03-08-0207 | ASSAULT 1ST DEGREE | UP TO 30 MONTHS | 5 |
| (X) IN 03-08-0210 | BURGLARY 2ND DEGREE* | 36 TO 72 MONTHS* | 5 |
| (X) IN 03-08-0211 | RESIST. ARREST | 12 MONTHS | 2 |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |
| ( ) | | | |

*look at dates before
correct -*

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    1
                        ( as of  02/01/2007 )
```

State of Delaware v.  DOUGLAS W FIELDS                          DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.        AKA: DOUGLASS W FIELDS
Defense Atty: JAMES A BAYARD , Esq.              DOUGLASS W FIELDS
                                                 DOUG GREEN EYES
                                                 JOHN WATSON


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|-------------|-------------|--------|-------------|
| 001 | 0307008810 | IN03080207R1 | ASSAULT 1ST | GLTY | 01/14/2004 |
| 002 | 0307008810 | IN03080208R1 | PFDCF | GLTY | 01/14/2004 |
| 003 | 0307008810 | N03080209 | PFBPP | DISM | 09/02/2003 |
| 004 | 0307008810 | IN03080210R1 | BURGLARY 2ND | GLTY | 01/14/2004 |
| 005 | 0307008810 | IN03080211R1 | RESIST ARREST | GLTY | 01/14/2004 |
| 006 | 0307008810 | IN03081811R1 | PDWBPP | GLTY | 01/14/2004 |

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|

1   08/05/2003
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 07/13/2003
        PRELIMINARY HEARING DATE: 080503
        BAIL:  SECURED BAIL-HELD              237,000.00 100%
        W/CONDITION
2   08/25/2003
        INDICTMENT, TRUE BILL FILED. (58)
        SCHEDULED FOR ARRAIGNMENT AND BAIL 9/2/03 @ 9:30
        SCHEDULED FOR CASE REVIEW 9/22/03 @ 9:00
4   08/29/2003
        NOTICE OF SERVICE - DISCOVERY RESPONSE
        FROM THE ATTORNEY GENERAL'S OFFICE.
3   09/02/2003                               VAVALA MARK STEPHEN
        ARRAIGNMENT/BAIL STATUS HEARING:  DEFENDANT WAIVED READING, ENTERED
        PLEA OF NOT GUILTY, JURY TRIAL DEMANDED.
        BAIL SET AT SECURED BAIL-HELD        237,000.00 100%
    10/06/2003                               JURDEN JAN R.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
5   10/06/2003
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE:_1/13/04
        CASE CATEGORY:____1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): CHT
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    2
                         ( as of  02/01/2007 )

State of Delaware v.  DOUGLAS W FIELDS                           DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.        AKA: DOUGLASS W FIELDS
Defense Atty:                                    JOHN WATSON

      Event
No.   Date           Event                                  Judge
--------------------------------------------------------------------------------
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
 7    12/03/2003
      STATE'S WITNESS SUBPOENA ISSUED.
 6    12/23/2003
      SUBPOENA(S) MAILED.
10    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
11    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
12    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
13    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
14    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
15    01/06/2004
      SUBPOENA(S) SERVED BY SHERIFF.
 8    01/08/2004
      SUBPOENA(S) SERVED BY SHERIFF.
 9    01/08/2004
      SUBPOENA(S) SERVED BY SHERIFF.
      01/13/2004                                    DEL PESCO SUSAN C.
      TRIAL CALENDAR- WENT TO TRIAL JURY
17    01/13/2004                                    DEL PESCO SUSAN C.
      JURY TRIAL HELD BEFORE JUDGE DEL PESCO.
      STATE'S ATTY: DAVID FAVATA
      DEFT'S ATTY: JAMES BAYARD
      COURT REPORTER: D. VERECHIA
      COURT CLERK: M. CARUSO AND C. TAYLOR.
      TRIAL DATES: 01/13/04 AND 01/14/04.
      DEFT WAS FOUND GUILTY OF LIO OF ATTEMPTED MURDER (ASSAULT 1ST)
      03-08-0207, PFDCF 03-08-0208, BURGLARY 2ND 03-08-0210, RESISTING
      ARREST 03-08-0211, AND PDWBPP 03-08-1811. JUDGE REQUESTED AN UPDATED
      PRE-SENTENCE REPORT FOR SENTENCING. SENTENCING: 01/30/04 @1 PM.
      THE DEFT STATED THAT HE HAS NO ARGUEMENT ON BEING DECLARED AS A
      HABITUAL OFFENDER (A). 2
      EXHIBITS PUT IN VAULT.
18    01/14/2004                                    DEL PESCO SUSAN C.
      CHARGE TO THE JURY FILED.
16    01/15/2004
      SUBPOENA(S) SERVED BY SHERIFF.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                        ( as of  02/01/2007 )

State of Delaware v.  DOUGLAS W FIELDS                      DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.       AKA: DOUGLASS W FIELDS
Defense Atty:                                   JOHN WATSON

     Event
No.  Date         Event                                  Judge
------------------------------------------------------------------------------
19   01/16/2004
     MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
     BY R DAVID FAVATA, DAG
     REFERRED TO JURY TRIAL JUDGE DEL PESCO (SENT UP 01/21)
     01/30/2004                                   DEL PESCO SUSAN C.
     SENTENCING CALENDAR: DEFENDANT SENTENCED.
20   01/30/2004                                   DEL PESCO SUSAN C.
     ORDER:UPON MOTION BY THE ATTORNEY GENERAL OF THE STATE OF DELAWARE
     THROUGH,R DAVID FAVATA,DEPUTY ATTORNEY GENERAL TO HAVE DOUGLAS FIELDS
     DECLARED AN HABITUAL CRIMINAL OFFENDER UNDER THE PROVISIONS OF
     11 DEL.C.$4214(A) SO ORDERED THIS 30 DAY OF JANUARY,2004-J. DEL PESCO
21   01/30/2004                                   DEL PESCO SUSAN C.
     SENTENCE: ASOP ORDER SIGNED & FILED 2/9/04.
22   02/20/2004
     LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER
     RE: A NOTICE OF APPEAL WAS FILED ON 02/12/04. THE TRANSCRIPT
     IS DUE NO LATER THAN 03/23/04.
     53, 2004
23   03/31/2004
     LETTER FROM SUPREME COURT TO DOMENIC VERECHIA, COURT REPORTER
     RE: THE EXTENSION TO FILE THE TRANSCRIPT IS GRANTED.
     THE TRANSCRIPT IS NOW DUE APRIL 22, 2004.
     53, 2004
24   04/21/2004
     TRANSCRIPT FILED.
     TRIAL- JANUARY 13, 2004
     BEFORE JUDGE DEL PESCO
25   04/21/2004
     TRANSCRIPT FILED.
     TRIAL- JANUARY 14, 2004
     BEFORE JUDGE DEL PESCO
26   04/22/2004
     TRANSCRIPT FILED.
     SENTENCING - JANUARY 30, 2004
     BEFORE JUDGE DEL PESCO
     04/28/2004
     RECORDS SENT TO SUPREME COURT.
28   04/29/2004
     LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
     RE: THE RECORD AND TRANSCRIPT ARE DUE IN SUPREME COURT
     BY MAY 3, 2004.
     53, 2004
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                         ( as of  02/01/2007 )
```

State of Delaware v.  DOUGLAS W FIELDS                          DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.        AKA: DOUGLASS W FIELDS
Defense Atty:                                    JOHN WATSON

```
     Event
No.  Date         Event                                    Judge
------------------------------------------------------------------------------
```

     (RECORD & TRANSCRIPT SENT 04/28/04)
27   05/03/2004
     RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
     53, 2004
29   07/21/2004
     MANDATE FILED FROM SUPREME COURT:  REMANDED; JURISDICTION RETAINED.
     SUPREME COURT CASE NO: 53, 2004
     PURPOSE: TO HAVE A HEARING FOR THE DEFENDANT TO PROCEED PRO SE
     DEADLINE FOR RETURN (IF ANY): 09/20/2004
30   09/16/2004
     LETTER FROM MARGE GREEN (SECRETARY TO JUDGE DELPESCO)
     TO: COUNSEL AND MR. FIELDS
     PLEASE BE ADVISED THAT THE EVIDENTIARY HEARING PURSUANT TO THE
     SUPREME COURT REMAND WILL BE HELD ON FRIDAY, OCTOBER 29, 2004, AT
     12:00 P.M. BEFORE JUDGE DELPESCO
31   09/16/2004
     LETTER FROM JUDGE SLIGHTS ON BEHALF OF JUDGE DELPESCO
     TO: CHIEF JUSTICE STEELE
     RE: ASKING FOR A SIXTY(60) DAY EXTENSION FOR THE FATUAL FINDINGS
     REQUESTED ON REMAND.
32   10/29/2004                                       DEL PESCO SUSAN C.
     EVIDENTIARY HEARING HELD BEFORE JUDGE DEL PESCO.
     HEARING IS DELAYED. DEFT'S ATTY JAMES BAYARD IS RETIRING TODAY AND
     DEFT IS GOING TO GET A NEW PD TO REPRESENT HIM.
33   11/01/2004
     LETTER FROM JUDGE DEL PESCO TO JUSTICE STEELE
     RE: REQUESTING AN ADDITIONAL 60 DAY EXTENSION.
34   11/19/2004
     EVIDENTIARY HEARING HELD.
     JUDGE DEL PESCO REQUEST THAT THIS HEARING BE RE: SCHEDULE DUE TO
     THE ATTORNEY'S CHANGING DEFENDANT NOT RECEIVING MR. O'DONNELL'S LETTER
     IN TIME BEFORE THE HEARING.  JUDGE DEL PESCO IS GIVING THE DEFENDANT
     MORE TIME TO THINK ABOUT HIS DECISION TO REPRESENT HIMSELF OR CONTINUE
     WITH MR. O'DONNELL. NO DATE WAS GIVEN.
35   12/22/2004
     EVIDENTIARY HEARING HELD 12/22/04.
     THE DEFENDANT IS ELIGIBLE TO DEFEND HIMSELF AT HIS APPEAL TO THE
     SUPREME COURT.
     AG/MCFARLAND & G. SMITH – PD/O'DONNELL - CR/HALEY - CC/CARUSO.
36   12/22/2004                                       DEL PESCO SUSAN C.
     UPON REMAND FROM THE SUPREME COURT:
     SUBMITTED: JULY 19, 2004

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                         ( as of  02/01/2007 )

State of Delaware v.  DOUGLAS W FIELDS                       DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.       AKA: DOUGLASS W FIELDS
Defense Atty:                                   JOHN WATSON


        Event
No.   Date           Event                              Judge
--------------------------------------------------------------------------------
        DECIDED: DECEMBER 22, 2004
        BEFORE JUDGE DEL PESCO
        RE: ORDER SIGNED THAT THE DEFENDANT MY PROCEED PRO SE.
        01/11/2005
        RECORDS SENT TO SUPREME COURT.
37      01/28/2005
        RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
        53, 2004
38      03/22/2005
        LETTER FROM SUPREME COURT TO DOUGLAS FIELDS
        RE: DIRECTIONS TO COURT REPORTER
39      06/06/2005
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        APPELLANTS OPENING BRIEF
40      12/16/2005
        MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
        SUPREME COURT CASE NO: 53, 2004
        SUBMITTED: SEPTEMBER 9,2005
        DECIDED: NOVEMBER 28,2005
        BEFORE STEELE,CHIEF JUSTICE,JACOBS AND RIDGELY,JUSTICES
42      04/03/2006
        MOTION FOR TRANSCRIPTS (PRO SE) FILED.
        REFERRED TO JUDGE DEL PESCO.
41      04/04/2006
        MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED BACK TO THE DEFENDANT
        NO CERTIFICATE OF SERVICE.
43      04/12/2006
        MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED BACK TO THE DEFENDANT.
        NO CERTIFICATE OF SERVICE.
45      07/17/2006                               DEL PESCO SUSAN C.
        ORDER:UPON CONSIDERATION OF DEFENDANT'S PRO SE REQUEST FOR TRANSCRIPTS
        DENIED.
        SUBMITTED: APRIL 3, 2006
        DECIDED:   JULY 17, 2006
        IT IS SO ORDERED
44      08/15/2006
        MOTION FOR TRANSCRIPT / IN FORMA PAUPERIS FILED PRO SE.  REFERRED TO
        JUDGE DEL PESCO.
46      08/17/2006                               DEL PESCO SUSAN C.
        LETTER/ORDER ISSUED BY JUDGE: DEL PESCO.
        RE: MOTION FOR TRANSCRIPTS:
        MOTION REJECTED REPETATIVE- SO ORDERED.
```

```
              SUPERIOR COURT CRIMINAL DOCKET              Page    6
                  ( as of  02/01/2007 )

State of Delaware v.  DOUGLAS W FIELDS                    DOB: 04/23/1973
State's Atty: R. DAVID FAVATA , Esq.      AKA: DOUGLASS W FIELDS
Defense Atty:                                   JOHN WATSON

     Event
No.  Date          Event                            Judge
-------------------------------------------------------------------------
     SEE DOCKET # 44 FOR DECISION
47   10/02/2006
     MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE DEL PESCO.
48   11/27/2006                                   DEL PESCO SUSAN C.
     ORDER: DDEFENDANT'S MOTION FOR TRANSCRIPTS IS DENIED.  SEE FILE FOR
     JUDGE 'S ORDER.
49   12/14/2006                                   DEL PESCO SUSAN C.
     NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
     SENT TO DEFENDANT.
     MOTION CONTAIN MOVANT'S ORIGINAL SIGNATURE.
51   02/01/2007
     LETTER FROM A. HAIRSTON, PROTHONTARY OFFICE TO DAVID FAVATA, DAG
     RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
     MOTION ATTACHED.
50   12/08/2007
     MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE (AMH)
     REFERRED TO JUDGE DELPESCO

              *** END OF DOCKET LISTING AS OF  02/01/2007 ***
                  PRINTED BY: CSCSNAP
```

IN THE SUPREME COURT OF THE STATE OF DELAWARE

FIELDS    VS. STATE

| | |
|---|---|
| § | |
| § | No. 53, 2004 |
| § | |
| § | |
| § | CR. ID No. |
| | 0307008810 |
| § | |
| § | |
| § | Superior Court |
| § | |
| § | New Castle County |
| § | |
| § | |

The following docket entry has been made in the above cause.

64. Dec. 14.    Record and mandte to clerk of court below.
                Case Closed.

cc: The Honorable Susan C. Del Pesco    Prothonotary
    Mr. Douglas W. Fields
    Elizabeth R. McFarlan, Esquire       Received Above

                                         By _____

                                         Date _____

Date:  December 14, 2005

Cathy L. Howard,
Clerk of the Supreme
Court

# M A N D A T E

### THE SUPREME COURT OF THE STATE OF DELAWARE

To:  Superior Court of the State of Delaware in and for New

Castle County:

## GREETINGS:

**WHEREAS,** in the case of:

STATE OF DELAWARE
VS.
CR. ID No. 0307008810
DOUGLAS W. FIELDS

a certain judgment or order was entered on the 30th day of

January, 2004, which reference is hereby made; and

**WHEREAS,** by appropriate proceedings the judgment or

order was duly appealed to this Court, and after

consideration has been finally determined, as appears from

the opinion or orders of this Court filed on November 28,

2005, a certified copy of which is attached hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED**

that the matter be and it is hereby AFFIRMED.

SIGNED, SEALED AND ATTESTED
BY:

Cathy L. Howard
Clerk of the Supreme Court

Issued:December 14, 2005
Supreme Court No. 53, 2004

**State of Delaware**          }
                               }   ss.
**Kent County**                }

I, Cathy L. Howard, Clerk of the Supreme Court of the

State of Delaware, do hereby certify that the foregoing is a

true and correct copy of the Order dated November 28, 2005,

in *Douglas W. Fields v. State of Delaware, No.* 53, 2004, as

the same remains on file and of record in said Court.

### IN TESTIMONY WHEREOF,

I have hereunto set my hand and

affixed the seal of said Court at

Dover this 14th day of December

A.D. 2005.

Cathy L. Howard
Clerk of the Supreme Court

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DOUGLAS W. FIELDS, | § | |
| | § | No. 053, 2004 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr.A. Nos. IN03-08-0207; 0208; |
| | § | 0210; 0210; |
| Plaintiff Below- | § | 0211; 1811 |
| Appellee. | § | |

Submitted: September 9, 2005
Decided: November 28, 2005

Before **STEELE**, Chief Justice, **JACOBS** and **RIDGELY**, Justices

## O R D E R

This 28th day of November 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Douglas W. Fields, was found guilty by a Superior Court jury of the lesser-included charge of Assault in the First Degree, Possession of a Firearm During the Commission of a Felony, Burglary in the Second Degree, Possession of a Deadly Weapon by a Person Prohibited, and Resisting Arrest. He was sentenced as an habitual offender

to a total of 64 years incarceration at Level V, to be suspended after 61 years for probation. This is Fields' direct appeal.[1]

(2)    Fields raises seven issues for this Court's consideration, which may fairly be summarized as follows. He claims that: a) he should not have been sentenced as a habitual offender because there was no hearing to determine his status as a habitual offender; b) there was insufficient evidence to support his firearm and burglary convictions; c) he was denied his right to a trial by a jury of his peers; d) the prosecutor engaged in misconduct by leading the witnesses, misstating the evidence in closing argument, introducing false evidence and engaging in unprofessional conduct; and e) the jury should not have been instructed on first degree assault as a lesser-included offense of first degree attempted murder.

(3)    The evidence presented at trial was as follows.    At approximately 10:30 a.m. on Sunday, July 13, 2003, William Brown was riding a bicycle along East 23rd Street in Wilmington, Delaware.    Two women, Neshe Jones and Vanessa Newman, stopped him and began arguing with him over ownership of the bicycle.    Newman eventually went to her mother's house, which was nearby, but Jones continued to argue with

---

[1] On January 10, 2005, following an evidentiary hearing in the Superior Court, this Court granted Fields' motion to proceed pro se in his direct appeal. Supr. Ct. R. 26(d) (3).

Brown. The argument escalated, with Jones throwing a bottle at Brown and Brown throwing one at Jones.

(4)    Without warning, a man, later identified as Fields, emerged from the residence at 3 East 23rd Street, took a handgun out of a bag he was carrying, walked up to Brown and started shooting. He shot Brown twice in the leg and then, as Brown lay on the ground, shot him a third time in the lower back. Fields was identified as the shooter by neighborhood residents William Caudle and Robert Jones.

(5)    City of Wilmington police were patrolling the neighborhood in a marked police car at the time of the shooting. As the police approached the scene, Brown told them he had been shot by Fields, who by then was running back into the residence at 3 East 23rd Street. As Officer Michael Carnevale chased Fields into the house, Fields fled out the back. Officer Robert Cassidy ran to the back of the house and saw Fields running through the back yards down the street. Officer Carnevale began running parallel to 23rd Street to try to intercept Fields. Fields turned into an alley and back out onto 23rd Street. He then ran into the residence at 22 East 23rd Street with Officer Carnevale behind him. Officer Carnevale captured Fields as he attempted to open a locked back door, to exit from the kitchen. Vanessa

3

Newman testified at trial that she and her mother lived at that address and that Fields entered her house without her permission.

(6)    A later search by City of Wilmington police of the portion of East 23rd Street where Fields was running yielded a black knit hat containing a .38 revolver with black electrical tape around the handle.    The gun contained three casings and three live rounds, indicating that three shots had been fired.  Police were unable to obtain any fingerprints from the gun.

(7)    Both during and after jury deliberations, the prosecutor informed the Superior Court and defense counsel that he intended to file a motion to have Fields declared an habitual offender.    Defense counsel discussed this issue with Fields.  After the jury's verdict, defense counsel informed the trial judge in the presence of Fields that "we have reviewed the three certified copies of Mr. Fields' record" and that "[a]s far as the issue of does he qualify as an habitual offender, under (a) section, there will be no argument about that, no contest about that."  Later, at sentencing, the trial judge noted that defense counsel had sent a letter in response to the State's habitual offender motion conceding that the facts recited in the motion were correct.  Neither Fields nor his counsel voiced any objection to his status as an habitual offender and the judge proceeded to sentence Fields accordingly.

(8)   Fields' first claim is that, because there was no hearing to determine his status as an habitual offender, he had no notice that he would be sentenced as one.  To the contrary, the record reflects that Fields had actual notice of the State's intention to move to have him declared a habitual offender.   Moreover, the factual basis for the State's habitual offender motion was conceded by the defense at the time of sentencing.  Based upon the concessions made by defense counsel, there was no need for a hearing to determine Fields' status as an habitual offender and the judge properly proceeded to the sentencing phase of the hearing.  Fields' first claim is, thus, without merit.

(9)   Fields' second claim is that there was insufficient evidence presented at trial to support his burglary and firearm convictions.  Because Fields did not move for a judgment of acquittal at the close of the State's evidence,[2] our standard of review is plain error.[3]  In reviewing a claim of insufficiency of the evidence, this Court determines whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]   In   doing   so,   we   make   no   distinction   between   direct   and

---

[2] Super. Ct. Crim. R. 29.
[3] *Liket v. State*, 719 A.2d 935, 939 (Del. 1998).
[4] *Barnett v. State*, 691 A.2d 614, 618 (Del. 1997).

5

circumstantial evidence.[5]  Moreover, it is for the jury to weigh the relative credibility of the witnesses and reconcile any conflicting testimony.[6]

(10)  The trial transcript reflects that Fields stipulated to the fact that he was guilty of the charge of Possession of a Deadly Weapon By a Person Prohibited.[7]  The trial transcript also reflects that more than sufficient evidence was presented to support Fields' convictions of Burglary in the Second Degree[8] and Possession of a Firearm During the Commission of a Felony[9].  We, thus, find no plain error and no merit to this claim.

(11)  Fields' next claim is that he was denied his right to trial by a jury of his peers because there were no African Americans on the jury panel and no individuals approximately the same age as he.  As the appellant, it was Fields' burden to provide those portions of the transcript necessary to give this Court a fair and accurate account of the context in which the claim of error occurred.[10]  Fields failure to comply with the rule of this Court precludes our appellate review of this claim.[11]

(12)  Fields next claims that the prosecutor acted improperly by leading the witnesses, misstating the evidence in closing argument,

[5] *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990).
[6] *Chao v. State*, 604 A.2d 1351, 1363 (Del. 1992).
[7] Del. Code Ann. tit. 11, § 1448 (2001).
[8] Del. Code Ann. tit. 11, § 825 (2001).
[9] Del. Code Ann. tit. 11, § 1447A(a) (2001).
[10] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987); Supr. Ct. R. 9 (e)(ii) and 14 (e).
[11] *Slater v. State*, 606 A.2d 1334, 1337 (Del. 1992).

6

introducing false evidence and engaging in unprofessional conduct. To the extent the prosecutor asked leading questions, the number of such questions was minimal and no objection to any such questions was raised by defense counsel. Moreover, Fields has failed to articulate how he was prejudiced by any of the questions. Fields complains that the prosecutor noted in his closing statement that there was agreement among the witnesses concerning the events leading up to the shooting. We find no impropriety in the remarks of the prosecutor because they were squarely based upon the evidence presented at the trial.

(13) To the extent Fields argues that there was no physical or scientific evidence linking him to the weapon found by the police, the record does support that claim. However, there was more than sufficient evidence in the record from which the jury could infer that the gun found by the police belonged to Fields.[12] We find no basis for Fields' next argument that the prosecutor presented "false" evidence at the trial. Fields next argues that it was improper for the prosecutor and defense counsel to pick up the weapon during a trial recess. Assuming that happened, Fields does not explain how he was prejudiced, since the jury was not present in the courtroom. We, thus, find Fields' claims of prosecutorial misconduct to be without merit.

---

[12] *Chao v. State*, 604 A.2d 1351, 1363 (Del. 1992).

(14)  Fields' final claim is that the jury should not have been instructed on first degree assault as a lesser-included offense of first degree attempted murder.  A defendant is on notice that evidence presented with respect to a particular offense in an indictment may result in a conviction of any lesser-included offenses.[13]  Because the record in this case supports the trial judge's decision to instruct the jury on first degree assault,[14] we find this claim to be without merit.

(15)  This Court has reviewed the record carefully and has concluded that Fields' appeal is wholly without merit and devoid of any arguably appealable issue.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[13] Del. Code Ann. tit. 11, § 206(b) (2001); Super. Ct. Crim. R. 31(c).
[14] Del. Code Ann. tit. 11, § 613 (2001).

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Cr. ID No. 0307008810 |
| | : |
| DOUGLAS FIELDS, | : |
| | : |
| Defendant. | : |

Submitted: April 18, 2007
Decided: July 9, 2007

## ORDER

This 9th day of July, 2007 upon consideration of the defendant's *pro se* motion for postconviction relief, it appears that:

1.    Defendant has filed this Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. For the reasons stated below, Defendant's Motion is SUMMARILY DISMISSED.

2.    On January 14, 2004, defendant Douglas Fields (Fields) was found guilty after a two day jury trial in Superior Court.

3.    On January 30, 2004, Fields was declared a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced on the charge of Assault 1st to twenty-two years at Level V, suspended after twenty years for two years at Level III. On the charge of Possession of a Firearm During the Commission of a Felony (PFDCF), Fields was sentenced to twenty-five years at Level V, a mandatory sentence. On the charge of Burglary 2nd Fields was sentenced to eight years at Level V, a mandatory sentence. On the charge of Possession of a Deadly Weapon by a Person Prohibited (PDWBPP), Fields was sentenced to eight

years at Level V, a mandatory sentence. On the charge of Resisting Arrest Fields was sentenced to one year at Level V suspended immediately for one year at Level II concurrent probation.

4.      Fields filed a direct appeal of his conviction. The Supreme Court issued a mandate affirming the Superior Court convictions on December 14, 2005.

5.      On December 8, 2006, Fields filed this motion for post-conviction relief alleging that:

   (a) He should not have been sentenced as a habitual offender because the evidence presented to the trial court did not prove that Mr. Fields had committed the requisite criminal offenses,

   (b) The trial court committed prejudicial error by instructing the jury on Attempted Murder First,

   (c) The trial court committed error by allowing the State to offer a gun as evidence in support of the charge of Possession of a Firearm During the Commission of a Felony,

   (d) Ineffective assistance of counsel,

   (e) The charge of Burglary Second Degree should be dismissed because it failed to provide the specific crime intended to be committed in the dwelling,

   (f) The State "dismissed" the only African American from the jury, and

   (g) Prosecutorial misconduct.

6.      Superior Court Criminal Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of

2

conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interests of justice." Fields raised issues a-c and e-g in his direct appeal to the Supreme Court. His conviction was upheld and the Supreme Court addressed the merits of each of Fields' claims. Fields has failed to demonstrate how the interests of justice warrant reconsideration of these claims.

7.      To prevail on a postconviction relief claim based on ineffective assistance of counsel, a defendant is required to meet both prongs of the test set forth in *Strickland v. Washington*.[1] That is, a movant must show both "that counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2] In attempting to establish a claim of ineffective assistance of counsel, the defendant must allege concrete allegations of actual prejudice and substantiate them.[3] Moreover, any "review of counsel's representation is subject to a strong presumption that the representation was professionally reasonable."[4]

8.      Fields' ineffective assistance of counsel claim has three parts: (1) Fields did not want James A Bayard, Jr., Esquire, as his counsel; (2) trial counsel did not keep Fields abreast of how the case was progressing prior to trial or provide him with paperwork; and (3) trial counsel failed to make objections at trial or file for a suppression hearing. Fields' allegations are vague and conclusory. He wanted alternate counsel because, "[t]he defendant had received lack luster defense from him [Mr. Bayard] in a prior case

---

[1] *Strickland v. Washington*, 466 U.S. 668.
[2] *Id.* at 694.
[3] *Younger v. State*, 580 A.2d 552, 555 (Del.1990).
[4] *Flamer*, 585 A.2d at 753.

3

and with the sensitivity and specifics of this case his matter of fact attitude would not be

beneficial to the defendant." According to Fields, "[c]ounsel failed to issue defendant

any copies of paperwork received from prosecution to keep him abreast of the case

findings. No police reports, no forensic finding or medical reports. (Rule 16)." Finally,

although he fails to point to any specific examples in the record to support his allegations,

Fields asserts that:

> [d]uring the trial Mr. Byard [sic] never made timely objections. He never
> argued any conflicting facts in the defendants favor. He never argued
> against items being entered as evidence. He never arranged for a
> suppression hearing. He never argued about his client's habitual offender
> status. He never saw to it that his client had a hearing for his habitual
> offender status. No! Why, because he did not have the defendant's best
> interest at hand. The defendant never had a fair opportunity for justice
> when he was assigned a burned out, state attorney whose primary focus
> was his own upcoming retirement plans.

Nowhere in connection with any of the three parts of this ineffective assistance of

counsel claim does Fields address how he was prejudiced by the alleged

ineffectiveness of defense counsel.

9.    Although Mr. Bayard has retired from the Public Defender's Office, he has

reviewed and responded to the allegations in Fields' motion. Mr. Bayard's response was

incorporated into the affidavit submitted by Dean DelCollo, Esquire of the Public

Defender's Office. The response is as follows:

> (1) As with all clients in a criminal case, each have a limited choice for
> their trial counsel. A person can hire a private attorney, represent himself
> (with court permission) or accept the Public Defender assigned to the case.
> The defendant does not have a choice on which public defender will
> represent him. (2) Trial counsel had first direct contact with Mr. Fields on
> August 15, 2003. Counsel had subsequent direct contact with Mr. Fields.
> Counsel wrote to Mr. Fields on several occasions. Counsel did provide
> Mr. Fields with a copy of the indictment and affidavit of probable cause
> for this case. (3) It is within the trial counsel's discretion on whether
> objections should be raised during trial. It is within trial counsel's

4

discretion to determine if a suppression hearing should be held prior to trial.

10. Applying the *Strickland* standards here, this Court does not find that Fields' counsel was ineffective. Fields was free to hire alternate counsel if he was not pleased with the assigned public defender. However, he was not entitled to choose the public defender assigned to him. Mr. Bayard's response to the motion shows that he had contact, both in person and through letters, with Fields throughout this case and that he provided him with Rule 16 materials. Fields' status as a habitual offender was established by a petition filed by the State on January 16, 2004. The petition details the Fields' prior criminal convictions which justify his status as a habitual offender. Defense counsel had no basis in law or in fact to challenge the petition. Fields does not cite to a specific example where Mr. Bayard should have objected to the admission of evidence. Fields has failed to demonstrate that Mr. Bayard's performance fell below an objective standard of reasonableness. Given this conclusion, and the fact that Fields fails to argue any prejudice, the Court need not consider any prejudice to Fields.[5]

11. Superior Court Criminal Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal . . . ." Applying that precept here, the Court finds that Fields' claims do not entitle him to relief.

---

[5] *Strickland*, 466 U.S. at 697 (stating that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

5

WHEREFORE, defendant's motion for post-conviction relief is SUMMARILY

DISMISSED.

IT IS SO ORDERED.

Judge Susan C. Del Pesco

Original to Prothonotary
xc:     Douglas Fields
        Dean C. DelCollo, Esquire
        R. David Favata, Esquire

6

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DOUGLAS FIELDS, | § | |
| | § | No. 420, 2007 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0307008810 |
| Appellee. | § | |

Submitted:  September 4, 2007
Decided:  November 5, 2007

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

### O R D E R

This 5th day of November 2007, the Court has considered the appellant's untimely notice of appeal,[1] the Clerk's notice directing the appellant to show cause why the appeal should not be dismissed,[2] and the appellant's responses to the notice to show cause.[3] It appears to the Court

---

[1] The notice of appeal was filed on August 10, 2007 from the Superior Court's order dated and docketed on July 9, 2007, denying the appellant's *pro se* motion for postconviction relief. *See* Del. Supr. Ct. R. 6(a) (providing for thirty-day period to file notice of appeal).

[2] *See* Del. Supr. Ct. R. 29(b) (governing involuntary dismissal upon notice of the Court).

[3] It appears that the appellant filed two responses to the notice to show cause. The first response, a letter dated August 21, 2007, was initially misfiled in No. 182, 2007, the appellant's prior related appeal that was closed in April 2007. The appellant's August 21, 2007 letter explains that his notice of appeal was delayed because it was returned to him marked postage due. The appellant's second response, a letter filed on September 4, 2007, encloses the appellant's voluntary dismissal of his prior appeal. *See Fields v. State*,

that the appeal should be dismissed. The appellant's failure to timely file the notice of appeal is not attributable to court-related personnel.[4] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.[5]

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Carolyn Berger
Justice

---

Del. Supr., No. 182, 2007 (April 18, 2007), *appeal voluntarily dismissed.* The appellant contends that the letter voluntarily dismissing his prior appeal manifested his intent to file his current appeal in the event the Superior Court denied his motion for postconviction relief.

[4] *E.g., Land v. State*, 2006 WL 1061768 (Del. Supr.) (dismissing untimely appeal when delay in filing notice of appeal was due to insufficient postage).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

In the Supreme Court of the State of Delaware

**Douglas Fields**
    **Appellant Defendant**

      **Vs.**

**State of Delaware**
    **Appellate Plaintiff**

**Appeal No. 53; 2004
Superior Court of the
State of Delaware in and
for New Castle County
Case #037008810**

On appeal from the Superior Court of the State of Delaware in New Castle County.

**Appellants Reply Brief**

*Thomas Smith*
*Deputy Attorney General*
*Department Of Justice*
*Carvel State Building*
*820 North French Street*
*Wilmington, DE 19801*

*Douglas Fields*
*Delaware Correctional Center*
*1181 Paddock Road*
*Smyrna, DE 19977*

FILED
PROTHONOTARY
2006 DEC -8 PM 2: 49

# SEALED

# DOCUMENT