IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DOUGLAS FIELDS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-748-SLR |
| | ) | |
| **PERRY PHELPS,** Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In January 2004, the petitioner, Douglas Fields, was convicted in a Delaware Superior Court jury trial of first degree assault (as a lesser included offense of first degree attempted murder), possession of a deadly weapon during the commission of a felony, second degree burglary, possession of a deadly weapon by a person prohibited, and resisting arrest. (Superior Court Criminal Docket #0307008810, D.I. 17). The Delaware Supreme Court, in *Fields v. State*, 2005 WL 3200359 (Del. 2005) (*Fields I*) summarized the circumstances of Fields' crimes and subsequent arrest:

> At approximately 10:30 a.m. on Sunday, July 13, 2003, William Brown was riding a bicycle along East 23rd Street in Wilmington, Delaware. Two women, Neshe Jones and Vanessa Newman, stopped him and began arguing with him over ownership of the bicycle. Newman eventually went to her mother's house, which was nearby, but Jones continued to argue with Brown. The argument escalated, with Jones throwing a bottle at Brown and Brown throwing one at Jones.

Without warning, a man, later identified as Fields, emerged from the residence at 3 East 23rd Street, took a handgun out of a bag he was carrying, walked up to Brown and started shooting. He shot Brown twice in the leg and then, as Brown lay on the ground, shot him a third time in the lower back. Fields was identified as the shooter by neighborhood residents William Caudle and Robert Jones.

City of Wilmington police were patrolling the neighborhood in a marked police car at the time of the shooting. As the police approached the scene, Brown told them he had been shot by Fields, who by then was running back into the residence at 3 East 23rd Street. As Officer Michael Carnevale chased Fields into the house, Fields fled out the back. Officer Robert Cassidy ran to the back of the house and saw Fields running through the back yards down the street. Officer Carnevale began running parallel to 23rd Street to try to intercept Fields. Fields turned into an alley and back out onto 23rd Street. He then ran into the residence at 22 East 23rd Street with Officer Carnevale behind him. Officer Carnevale captured Fields as he attempted to open a locked back door, to exit from the kitchen. Vanessa Newman testified at trial that she and her mother lived at that address and that Fields entered her house without her permission.

A later search by City of Wilmington police of the portion of East 23rd Street where Fields was running yielded a black knit hat containing a .38 revolver with black electrical tape around the handle. The gun contained three casings and three live rounds, indicating that three shots had been fired. Police were unable to obtain any fingerprints from the gun.

Fields was sentenced to a term of sixty-four years imprisonment, suspended after sixty-one years for a term of probation to follow. *Id.* On appeal, the Delaware Supreme Court affirmed Fields' convictions and sentence. *Id.* Fields filed a motion for postconviction relief in February 2007, which was denied by the Delaware Superior Court. (Superior Court Criminal Docket #0307008810, D.I. 50, 55). Superior Court ruled that all of Fields' ineffective assistance of counsel claims were meritless. *State v. Fields*, 2007 WL 1991182 at *2 (Del. Super. 2007) (*Fields II*). The court further held that the remainder of Fields' claims was barred by the terms of Superior Court Criminal Rule 61(i)(4). *Id*. at *1. Fields thereafter filed an untimely notice of appeal from the Superior

Court's order, which resulted in the summary dismissal of his appeal by the Delaware Supreme Court in November 2007. *Fields v. State*, 2007 WL 3247268 (Del. 2007) (*Fields III*).

## Discussion

Petitioner, in summary form, has raised six claims of error: a) that he should not have been declared a habitual offender because the trial court never held a hearing to determine his status. (D.I. 2 at vi); b) insufficient evidence was adduced at trial to support his convictions for possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. (D.I. 2 at viii); c) that he had permission to enter the residence at 22 East 23rd Street and had no intention of committing any crime once he entered the home, thus negating his conviction on the charge of second degree burglary (D.I. 2 at x); d) that he did not receive a fair trial because no African-American jurors or individuals in his "age bracket" were seated on his jury. (D.I. 2 at xi); e) that the prosecutor committed misconduct (D.I. 2 at xiv); and f) that the attempted murder charge, for which he was convicted of a lesser-included offense was groundless (D.I. 2 at xv). All of Fields' claims were presented to the state supreme court on appeal from his convictions. *See Fields I*, 2005 WL 3200359. Thus, Fields' claims have been exhausted. *See* 28 U.S.C. § 2254(b); *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Fields, however, is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. §2244(d). Fields, additionally, has not established that the state court's resolution of his ineffectiveness claims was "contrary to, or involved an unreasonable application of" United States Supreme Court precedent. Accordingly, Fields is not entitled to relief.

Because Fields' petition was dated November 16, 2007, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Under 28 U.S.C. §2244(d)(1)(A), therefore, Fields' federal habeas petition must have been filed within one year of the date that his convictions became final.[1] Fields' convictions became final, for purposes of habeas relief, on February 27, 2006, ninety days after the Delaware Supreme Court affirmed his convictions in *Fields I* on November 28, 2005. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Thus, Fields' petition must have been filed on or before February 27, 2007 to be timely. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court; Fields' petition states that he placed his petition in the prison mailing system on November 16, 2007.[2] (D.I. 1). Fields' petition was obviously filed past the February 2007 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

---

[1] Fields does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable.

[2] In the absence of proof respecting the date of delivery, that date is the presumptive date the petition was delivered to prison officials for mailing. *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002).

4

In turn, the tolling mechanism of §2244(d)(2) does not save Fields' petition from the running of the limitations period. When applicable, §2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A habeas court must defer to the ruling of a state's highest court when it rules on the timeliness of a state filing. *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Fields filed a motion for postconviction relief on February 1, 2007.[3] (Superior Court Criminal Docket #0203014277, D.I. 61). Because Fields' motion for postconviction relief was timely filed, the period during which Superior Court was considering the motion is tolled. Superior Court denied Fields' motion for postconviction relief on July 9, 2007. *Fields II*, 2007 WL 1991182. Under Delaware Supreme Court Rule 6(a)(iii), Fields had until August 8, 2007 to file a timely notice of appeal. Fields, however, did not file a notice of appeal until August 10, 2007 – two days after the expiration of the 30-day period. *Fields III*, 2007 WL 3247268 at *1 n. 1. Because of Fields' lack of diligence, the Delaware Supreme Court dismissed Fields' appeal of Superior Court's decision to deny postconviction relief. *Id.* at *1. Accordingly, because Fields did not properly file his notice of appeal from the order of the Superior Court, the time his appeal was pending in the Delaware Supreme Court is not tolled. *Merritt*, 326 F.3d at 165 ("However, to fall within the AEDPA tolling provision, the petition for state post-conviction review must

---

[3] Fields filed his motion for postconviction relief 339 days after the expiration of the period he could have sought review of his conviction by the Supreme Court of the United States.

5

have been both pending and 'properly filed.'"(citation omitted)).  Thus, Fields had until August 6, 2007 in which to file this federal habeas action.  Because Fields filed this federal habeas action more than three months beyond the §2244 bar, it is untimely.

Of course, as the Court has repeatedly noted, the limitations period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).  Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Fields has failed to demonstrate, or even allege, any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner.  Fields has, in fact, never been diligent in asserting his rights – he waited almost one year after his conviction was affirmed by the Delaware Supreme Court to file for postconviction relief.  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005).  Fields cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period.  In short, Fields' claims are untimely under § 2244(d), and there is no basis upon which any relevant time may be tolled.

Alternatively, Fields' claims, though exhausted, are without merit.  Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999) (*en banc*); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 434 (D. Del. 1998).  Moreover, factual determinations by state

trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). To the extent that there is United States Supreme Court precedent, none of the state court decisions rejecting Fields' claims is contrary to that precedent. Further, the Delaware Supreme Court's application of the law to the claims was entirely reasonable. Should this Court conclude that Fields' claims are, in fact, timely, respondents respectfully request to amend and supplement their answer to more fully address his claims.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Fields' trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

    /s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

DATE: April 21, 2008    Del. Bar. ID No. 4612

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on April 28, 2008, I will mail, by United States Postal Service, the same documents to the following nonregistered participant:

Douglas Fields
SBI # 00209577
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  April 25, 2008